OPINION OF THE COURT
David B. Saxe, J.
Is an award of treble damages for rent overcharges collected by a subletting tenant mandated by the Omnibus Housing Act?
Petitioner, the sublessor, started this nonpayment summary proceeding after the respondent subtenant defaulted in the payment of rent for two months. Under the sublease agreement executed between the parties, the agreed upon monthly rental for the apartment was $1,050.
The respondent’s answer raised various affirmative defenses including lack of jurisdiction and breach of the warranty of habitability. Additionally, the respondent asserted a counterclaim for rent overcharges and demanded treble damages. Then, the respondent brought this motion to dismiss the petition and for judgment on her counterclaim for rent overcharges.
Sections 9 and 51 of the Omnibus Housing Act (L1983, ch 403, as amdg Administrative Code of City of New York § YY51-6.0 [the Rent Stabilization Law]) permits subletting of rent-stabilized apartments pursuant to Real Property Law § 226-b. As to the rental amount which the sublessor may legally charge, the *1037 law provides: “(a) the rental charged to the subtenant [may] not exceed the stabilized rent plus a ten percent surcharge payable to the tenant if the unit sublet was furnished with the tenant’s furniture” (Administrative Code § YY51-6.0 [c] [14]).
The base rent payable by the petitioner to his landlord is $530.75 and, adding a 10% surcharge to this amount totals $583.82 — the maximum amount of rent legally chargeable by the sublessor to the sublessee. Subtracting this amount from $1,050 paid monthly for the past five months by the respondent reveals that the respondent has been illegally overcharged by $466.18 per month since the inception of her tenancy in May 1984, for a total rent overcharge of $2,330.90.
As to the amount of damages, it is clear, at the very minimum, that respondent is entitled to a return from the petitioner of the amounts she has been overcharged. The respondent claims that the Omnibus Housing Act mandates an award of treble damages which, in this case, would total $6,992.70. As to this, Omnibus Housing Act §§ 9 and 51 state: “(e) where a tenant violates the provisions of subparagraph (a) of this paragraph [quoted above] the subtenant shall be entitled to damages of three times the overcharge and may also be awarded attorneys fees and interest from the date of the overcharge at the rate of interest payable on a judgment pursuant to section five thousand four of the civil practice law and rules” (Administrative Code § YY51-6.0 [c] [14]).
A fair reading of the statute indicates that trebling of damages in subletting overcharges is mandatory, not discretionary. First, the section states that the subtenant “shall be entitled to damages of three times the overcharge”. In this respect, a comparison of this section to the section of the Omnibus Housing Act applicable to overcharges by a landlord to a tenant is informative.
Section 14 provides:
“Such code is amended by adding a new section YY51-6.0.5 to read as follows:
“§ YY51-6.0.5 Enforcement. — a. Subject to the conditions and limitations of this subdivision, any owner of housing accommodations who, upon complaint of a tenant, or of the state division of housing and community renewal, after a reasonable opportunity to be heard, to have collected an overcharge above the rent authorized for a housing accommodation subject to this law shall » be liable to the tenant for a penalty equal to three times the amount of such overcharge. If the owner establishes by a preponderance of the evidence that the overcharge was not willful, the *1038 state division of housing and community renewal shall establish the penalty as the amount of the overcharge plus interest.”
This section, like the previous sections, provides that if a determination is made that a landlord has overcharged a tenant, the landlord shall be liable to the tenant in damages three times the amount of the overcharge. However, the above-quoted section, in the next sentence, provides the landlord with a defense to the trebling of damages — that the overcharge was not willful. That no similar defense or provision is contained in the sections applicable to subletting overcharges underscores the fact that the Legislature did not intend such a defense to be available to overcharging in the subletting context. On reflection, the reasoning of the Legislature is evident — the procedure in arriving at the legally chargeable amount of rent by a landlord is extremely complicated, and mistakes in calculation are not necessarily always the fault of the landlord. The tenant on the other hand, need not follow any complicated procedure or apply any intricate formulas to discover the amount of rent he may lawfully charge to a subtenant — he need only look at his lease and, if applicable, add a 10% charge. It is for this reason, I am certain, that the Legislature did not believe it necessary to equip the sublessor who overcharges with the same defense that is available to the landlord-owner. Nor, for that matter, has the petitioner, in this case, supplied the court with any evidence that his actions were not willful, even if such a defense might be available to him.
Accordingly, the respondent is entitled to three times her overcharge of $2,330.90 or $6,992.70 plus interest from the date of each overcharge together with reasonable attorney’s fees which shall be determined at a hearing to be held in Part 49 on April 29, 1985, at 11:00 a.m. (Motion Calendar).
At this point, then, the respondent’s motion is granted to the extent of dismissing the petition and directing entry of judgment in her favor for $6,992.70 plus interest to date.