■ In the Matter of ISTA MANAGEMENT, Appellant, v STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County (Eve M. Preminger, J.), entered June 27, 1989, which, *inter alia,* dismissed this proceeding pursuant to

---

CPLR article 78 to annul respondent's order of August 4, 1988, and awarded attorneys' fees to the extent of severing the claim therefor and directing a hearing before a Special Referee on the reasonable value thereof, is unanimously modified, on the facts and in the exercise of discretion, to delete the award of attorneys' fees, and otherwise affirmed, without costs.

Respondent tenant, the first rent-stabilized tenant of the subject apartment, filed a fair market rent adjustment application with respondent State Division of Housing and Community Renewal (DHCR) on September 13, 1984, and an amended tenant's objection to rent/services registration on October 26, 1984, which petitioner landlord challenged as untimely because not brought within 90 days of receipt of the initial legal rent notice (DC-2 Notice). A copy of the certified mail receipt showed that the DC-2 Notice was signed for by the building's doorman. The landlord also set forth certain improvements allegedly made to the apartment. In response, the tenant argued that no rent should have been charged for the first two-week period since the apartment was not ready for occupancy. The District Rent Administrator dismissed the application on the ground that the tenant failed to timely respond to the DC-2 Notice. The tenant filed a petition for administrative review (PAR) and also responded to the District Administrator's finding that his application was untimely. The District Administrator thereafter reopened the proceeding based upon an irregularity in a vital matter, and determined that service on the doorman was improper and that the application had been timely filed. The landlord objected to reopening the case. By order dated July 3, 1987, the District Administrator ruled that DHCR was authorized to reopen a proceeding upon a finding of an irregularity in a vital matter such as the error herein, pursuant to Rent Stabilization Code (9 NYCRR) § 2527.8. The District Administrator then directed a two-week refund because the apartment had not been ready for occupancy, and disallowed the increase for installation of a new stove and refrigerator (without prejudice to a prospective increase upon submission of proper receipts), for installation of new floors as normal maintenance, and for the cost of certain labor as provided by building staff. Finally, the District Administrator set the fair market rent based upon guidelines promulgated by the New York City Rent Guidelines Board and generally prevailing rents in the same area after finding that neither petitioner nor the tenant had submitted competent evidence establishing rentals.

The determination mooted the tenant's PAR. The landlord filed a PAR, contending that the DC-2 Notice had been properly served, that all necessary steps had been taken to have the apartment ready for occupancy, that the cost of improvements and installation should have been allowed, and that a hearing should have been held before the proceeding was reopened. By order dated August 4, 1988, DHCR affirmed the findings of the District Administrator.

The landlord then commenced this article 78 proceeding, contending that the determination of DHCR was arbitrary and capricious. In his cross motion, the tenant, for the first time, sought attorneys' fees. The court dismissed the petition, finding that the record supported the findings that the tenant had timely filed his application and that service upon the doorman was invalid, that ample proof supported the disallowance of the increases, and that the agency properly employed the rent guidelines in the absence of proof regarding prevailing rent in similar accommodations. The court also granted counsel fees pursuant to Real Property Law § 234 and the subject lease.

The landlord contends that attorneys' fees are prohibited in a fair market rent appeal (Rent Stabilization Code § 2526.1 [g]), and that Real Property Law § 234 is not applicable to this type of proceeding (Matter of Chessin v New York City Conciliation & Appeals Bd., 100 AD2d 297, 305-306). DHCR concurs, and so do we. The award of attorneys' fees was improper.

The proper standard for review of an administrative determination is whether it was arbitrary or capricious or without rational basis or warrant in the record (Matter of Plaza Mgt. Co. v City Rent Agency, 48 AD2d 129, 131, affd 37 NY2d 837). In reviewing an order, the court may not substitute its judgment for that of the agency (Fresh Meadows Assocs. v Conciliation & Appeals Bd., 88 Misc 2d 1003, affd 55 AD2d 559, affd 42 NY2d 925). Here, DHCR was justified in reopening the proceeding because of an irregularity in a vital matter (Rent Stabilization Code § 2527.8). Further, the agency did not err in its utilizing the special fair market rent guidelines herein to determine the fair market rent (see, Matter of Clarke Mgt. Corp. v Conciliation & Appeals Bd., 58 NY2d 1008, affg 91 AD2d 517). Finally, the agency was justified in denying the increase herein for failure to provide necessary documentation (Rent Stabilization Code § 2522.4 [a] [3]). Concur—Murphy, P. J., Carro, Milonas, Asch and Wallach, JJ.