■ In the Matter of ABRAHAM CHINITZ, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [594 NYS2d 246] —Order and judgment (one paper), Supreme Court, New York County (William P. McCooe, J.), entered on January 22, 1992, which dismissed petitioner's CPLR article 78 proceeding seeking to annul respondent's determination adjusting a tenant's rent by reducing it and directing petitioner to refund approximately $10,000 of excess rent, unanimously affirmed, without costs.

Petitioner landlord argues that the Fair Market Rent Appeal was jurisdictionally defective because the tenant failed to provide the required factual support for his claim that the initial regulated rent exceeded the Fair Market Rent. Realizing the difficulty a tenant faces in obtaining comparable rent data, respondent interpreted section 25 (C) of the Code of the Rent Stabilization Association of New York City, Inc. (now 9 NYCRR 2522.3 [b]) and section YY51-6.0.2 (b) (1) of the Rent Stabilization Law (now Administrative Code of City of NY § 26-513 [b] [1]) as permissive, not mandatory, thereby giving the tenant the option to provide supplemental facts if he so chose.

Respondent's interpretation of its own regulations and the statute under which it functions is entitled to great weight *(Matter of Cale Dev. Co. v Conciliation & Appeals Bd.,* 94 AD2d 229, 232, *affd* 61 NY2d 976). Respondent's determination that the tenant's application was valid even without initial factual support was not arbitrary and capricious *(see, Matter of Ista Mgt. v State Div. of Hous. & Community Renewal,* 161 AD2d 424, 426). Concur—Murphy, P. J., Sullivan, Rosenberger, Asch and Rubin, JJ.