■ JOYCE BALLIN, Respondent, v GENE BALLIN, Appellant. (Action No. 1.) JOYCE BALLIN, Respondent, v GENE BALLIN, Appellant. (Action No. 2.) [612 NYS2d 522] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In 1969, the parties entered into a separation agreement that provided for the payment of $150,000 to plaintiff in satisfaction of any obligation of defendant to pay alimony. The agreement also provided that the net proceeds from sale of the marital residence would be paid in partial satisfaction and that the balance would be paid in annual payments of $20,000. However, if one third of defendant's net income, as defined in the agreement, were less than $20,000 in any one year, the annual payment for that year would be one third of defendant's net income, and the difference between that one-third amount and $20,000 would be carried over and added to the amount due for the next year. Further, although defendant could pay more than $20,000 per year, he could not be compelled to pay more than $20,000. The agreement also

provided that "[a]ny unpaid balance which shall be due and payable * * * on February 10, 1989, * * * shall become immediately due and payable."

Plaintiff commenced an action in 1974 against defendant and his current wife, seeking, *inter alia,* damages for breach of the alimony payment provisions of that agreement. Plaintiff commenced a second action in 1990 seeking damages for defendant's failure to pay the unpaid balance due and payable on February 10, 1989 and to maintain in full force and effect a life insurance policy with plaintiff as the designated beneficiary.

Supreme Court properly denied defendant's summary judgment motion seeking to dismiss the 1990 complaint on Statute of Limitations grounds. It is unnecessary to determine which of the parties' conflicting interpretations of the "any remaining balance due and payable * * * on February 10, 1989" provision is correct. Even assuming, arguendo, that defendant's interpretation of that provision is correct, defendant failed to submit evidence concerning his net income from 1969 through 1989. His "guess" that he had net incomes in the range of $50,000-$80,000 between 1983 and 1989 is not evidence sufficient to warrant summary judgment in his favor. Because defendant failed to establish his net income during any year since 1969, factual issues exist concerning the amount defendant owed in any one year and the amount that should have been carried over from year to year and should have become immediately due and payable on February 10, 1989. Thus, a factual issue also exists whether plaintiff's 1990 action to enforce the total sum allegedly due for alimony, or any part of it, is barred by the six-year Statute of Limitations. Moreover, because defendant's obligation to maintain life insurance with plaintiff designated as beneficiary was a continuing obligation, the Statute of Limitations is no defense to plaintiff's cause of action based upon a breach of that obligation.

Supreme Court also properly denied plaintiff's cross motion for a default judgment in the 1974 action upon the ground that more than one year had elapsed since the default. The court erred, however, in failing to dismiss the 1974 action pursuant to CPLR 3215 (c). Plaintiff failed to demonstrate "sufficient cause" for her failure to move for a default judgment within the one-year period, and Supreme Court, *sua sponte,* should have dismissed the action as abandoned. We modify the order appealed from to dismiss, *sua sponte,* the

1974 action (action No. 2) *(see, Perricone v City of New York,* 62 NY2d 661, 663). (Appeal from Order of Supreme Court, Nassau County, Saladino, J.—Summary Judgment.) Present— Green, J. P., Balio, Fallon, Doerr and Boehm, JJ.