■ ELLEN CRIMMINS, Appellant, v HANDLER & COMPANY et al., Respondents. [671 NYS2d 469] —Orders, Supreme Court, New York County (Norman Ryp, J.), entered July 24 and November 26, 1996, respectively, which, *inter alia*, granted defendants' motions to dismiss the complaint as barred by the Statute of Limitations, unanimously modified, on the law, to the extent of reinstating so much of the complaint against defendants Handler & Company and Paul Handler as relates to rent overcharges incurred by plaintiff during the four years prior to the service of the summons and remanding the matter to Supreme Court for further proceedings and, except as so modified, affirmed, without costs.

On November 17, 1987, the State Division of Housing and Community Renewal (DHCR) issued an order finding that plaintiff tenant had been overcharged for rent for the period

from July 1, 1984 through July 30, 1986 and directed defendant owners to "roll back the rent to the lawful stabilized amount and to make full refunds to the tenant". Subsequently, in connection with a finding that services had not been maintained, DHCR issued an order dated May 30, 1989, in which it also directed that the rent be reduced to the authorized level. Although defendants did not comply, tenant did nothing further to enforce the orders until this action was commenced, by service of a summons dated March 11, 1996, seeking to recover some $55,000 in damages and penalties arising out of the overcharge.

Insofar as the complaint seeks to enforce the DHCR order, it is not justiciable. The Rent Stabilization Code (RSC; 9 NYCRR parts 2520-2530) grants authority to DHCR to enforce its own orders in the first instance, as provided by the controlling statutes (RSC [9 NYCRR] § 2526.2; Emergency Tenant Protection Act of 1974 § 12 [L 1974, ch 576, § 4, as amended; McKinney's Uncons Laws of NY § 8632]; Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-516; see, Matter of Plaza Realty Investors v Aponte, 198 AD2d 164), including the commencement of proceedings in Supreme Court to enjoin violation of the regulations (RSC [9 NYCRR] § 2526.3). Rent Stabilization Law of 1969 § 26-516 (h) provides that the parties to an administrative proceeding shall have such administrative review of DHCR orders and determinations as the agency may, by regulation, establish. Agency regulations provide that only a final agency determination of rent overcharge is subject to judicial review pursuant to CPLR article 78 (RSC [9 NYCRR] §§ 2527.6, 2530.1).

Where a claim has been filed by the tenant of a rent-stabilized housing unit with DHCR, the question of rent overcharge and enforcement of the resulting order are matters wholly within the province of the administrative agency (Rent Stabilization Law of 1969 § 26-516; Emergency Tenant Protection Act of 1974 § 12 [L 1974, ch 576, § 4, as amended; McKinney's Uncons Laws of NY § 8632]). This is in contrast to overcharge claims advanced by tenants of rent-controlled accommodations, who are expressly granted the right to commence an action in a court of competent jurisdiction within one year after the landlord fails to pay a refund ordered by DHCR (New York City Rent and Rehabilitation Law [Administrative Code] § 26-413 [d] [2] [b]). While the tenant who has not filed an administrative complaint may raise a claim of rent overcharge affirmatively (Wolfisch v Mailman, 182 AD2d 533; see also, Draper v Georgia Props., 230 AD2d 455, appeal dismissed

91 NY2d 849) or by way of counterclaim in a proceeding commenced by the landlord (*e.g.*, *350 Ocean Parkway Assn. v Stein*, 55 NY2d 650; *Severin v Rouse*, 134 Misc 2d 940 [Tom, J.]; *Kolbert v Clayton*, 127 Misc 2d 1036 [Saxe, J.]), where a tenant elects to proceed before the agency, the legislative scheme provides for administrative determination of the tenant's overcharge claim, with judicial review subject to the requirement that administrative remedies first be exhausted (*Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57; *Matter of White v Incorporated Vil. of Plandome Manor*, 190 AD2d 854, *lv denied* 83 NY2d 752).

A tenant who receives a favorable administrative determination on a rent overcharge complaint has the option of either taking a 20% offset against the monthly rent or filing the order in the same manner as a judgment (Rent Stabilization Law of 1969 § 26-516 [a] [5]). In the latter case, the tenant may utilize the enforcement provisions of CPLR article 52 to collect the amount of the judgment. Alternatively, the tenant may apply to DHCR for an order imposing a civil penalty against the landlord for failure to comply with the agency's order directing a refund of the overpayment (Rent Stabilization Law of 1969 § 26-516 [b], [c]; Emergency Tenant Protection Act of 1974 § 12 [a] [2], [3] [L 1974, ch 576, § 4, as amended; McKinney's Uncons Laws of NY § 8632 (a) (2), (3)]).

In the absence of grounds for review pursuant to CPLR article 78, there is no basis for judicial intervention to enforce the orders issued by DHCR in this matter. However, plaintiff has a valid claim to recover damages for an overcharge for the period beginning four years prior to service of the summons in this action (CPLR 213-a; Emergency Tenant Protection Act of 1974 § 12 [a] [1] [b] [i] [L 1974, ch 576, § 4, as amended; McKinney's Uncons Laws of NY § 8632 (a) (1) (b) (i)]). This Court construes the statutory language, "An action on a residential rent overcharge shall be commenced within four years of the first overcharge alleged" (CPLR 213-a), to mean that the action must be brought within four years of the first month for which damages are sought to be recovered and not, as defendants suggest, that an action is forever barred where the overcharge extends over a period in excess of four years.

Defendant Benenson Funding Corporation, the managing agent of the premises, is not liable for any portion of the overcharge. As stated by the Court of Appeals, "an agent for a disclosed principal 'will not be personally bound unless there is clear and explicit evidence of the agent's intention to substitute or superadd his personal liability for, or to, that of his

principal'" (*Savoy Record Co. v Cardinal Export Corp.*, 15 NY2d 1, 4, quoting *Mencher v Weiss*, 306 NY 1, 4). Concur—Sullivan, J. P., Rubin, Mazzarelli and Andrias, JJ.