■ In the Matter of CHESTER PECHOCK, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and JULIA MILLER et al., Intervenors-Respondents. [677 NYS2d 554] —Judgment, Supreme Court, New York County (Edward Lehner, J.), entered April 25, 1997, which denied petitioner landlord's application pursuant to CPLR article 78 to annul respondent Division of Housing and Community Renewal's (DHCR) determination of a rent overcharge and imposing treble damages, and dismissed the petition, unanimously modified, on the law, to grant the petition to the extent of precluding DHCR's consideration of the subject apartment's rental history prior to September 11, 1986, and recalculating the overcharge to refund $8,883 to Julia Miller, individually; $4,883.64 to Boris McGiver, individually; $4,794.36 to Gene Wheeler, individually; and $13,415.25 to the tenants jointly; totaling $31,976.25 due the tenants from the landlord, and otherwise affirmed, without costs.

Inasmuch as DHCR's overcharge calculation refers to the subject apartment's rent in 1985, more than four years prior to the filing of the tenants' overcharge complaint on September 11, 1990, a recalculation of the refund is necessitated by the Rent Regulation Reform Act of 1997, which amended Rent Stabilization Law of 1969 (Administrative Code of City of NY) § 26-516 (a) (2) to specifically " 'preclude examination of the rental history of the housing accommodation prior to the four-year period preceding the filing of the complaint' " in " 'any action or proceeding pending in any court' " at the time of its enactment on June 19, 1997, including the instant appeal, which was pending in court at the time the statute became effective (*Zafra v Pilkes,* 245 AD2d 218, 219).

Petitioner's other arguments are without merit. DHCR's denial of a rent increase for alleged vacancy improvements was rationally based on the lack of detail in the bills and invoices purporting to support the increase (*see, Matter of 985 Fifth Ave. v State Div. of Hous. & Community Renewal,* 171 AD2d 572, *lv denied* 78 NY2d 861). DHCR's finding that petitioner overcharged the tenants by means of an "illusory prime tenancy" was rationally based on the testimony of former tenants and the alleged leaseholder and the inconsistencies in the

documentation submitted by petitioner. The illusory tenancy undermines petitioner's claim that the overcharges were due to arithmetic errors or otherwise not willful (Rent Stabilization Code [9 NYCRR] § 2526.1 [a] [1]). DHCR's finding that petitioner did not properly or timely file the registrations for 1986 or 1988 was rationally based on the unrebutted presumption of nonregistration that arose under DHCR's policy guidelines by virtue of various factors including petitioner's collection of rent in a manner not consistent with the guidelines. We have considered petitioner's remaining contentions and find them to be without merit. Concur—Ellerin, J. P., Tom, Mazzarelli and Saxe, JJ.