OPINION OF THE COURT
Eileen Bransten, J.
Plaintiff O. Stephen Paganuzzi (plaintiff) seeks an order granting him summary judgment, pursuant to CPLR 3212, against defendants Primrose Management Company (Primrose) and A.J. Clarke Management Corp. (Clarke) (collectively, defendants), jointly and severally, for $19,792.04, plus interest and attorney’s fees.
Plaintiff’s claims arise out of a Fair Market Rent Appeal (FMRA) order issued by the State of New York Division of Housing and Community Renewal (DHCR). In the FMRA order, the District Rent Administrator held that defendants charged rent in excess of the fair market rent for the apartment of plaintiff’s predecessor in interest. (Hereinafter both plaintiff and plaintiff’s predecessor in interest shall be referred to as plaintiff.) The District Rent Administrator thus ordered defendants to roll back plaintiff’s rent to the fair market stabilized rent and to refund or credit plaintiff all previous rent overcharges, amounting to $19,792.04, over a period not to exceed six months.
Defendants filed a petition for administrative review of the FMRA order, which was denied by the Deputy Commissioner of the DHCR by decision and order dated June 13, 1997. Defendants then commenced a CPLR article 78 proceeding in this court challenging the FMRA order. This court denied and dismissed defendants’ article 78 petition by decision and judgment dated February 4, 1998. Defendants served a notice of appeal, but have taken no steps to perfect their appeal.
Plaintiff commenced this action in August 1998 seeking a judgment for the $19,792.04 awarded plaintiff in the FMRA order, plus interest thereon and attorney’s fees. After the com *36 mencement of the action, defendant Primrose paid plaintiff the $19,792.04 award. Accordingly, the only issues remaining are (1) whether plaintiff is entitled to interest on the $19,792.04 award; (2) whether plaintiff is entitled to attorney’s fees; and (3) whether plaintiff may obtain judgment against both Primrose, the owner, and Clarke, the managing agent for the apartment at issue.
With respect to whether plaintiff may obtain judgment jointly and severally against both Primrose and Clarke, it is undisputed that at all times Clarke was acting on behalf of Primrose, its disclosed principal. While Clarke was named in the proceedings before the DHCR, it was always disclosed as the managing agent for Primrose. Moreover, Clarke was not a party to Primrose’s article 78 proceeding challenging the FMRA award.
In a similar case, the First Department found that the tenant could not hold the managing agent liable for a rent overcharge. (Crimmins v Handler & Co., 249 AD2d 89 [1st Dept 1998].) Indeed, the First Department expressly stated that “the managing agent of the premises * * * is not liable for any portion of the [rent] overcharge. As stated by the Court of Appeals, ‘an agent for a disclosed principal “will not be personally bound unless there is clear and explicit evidence of the agent’s intention to substitute or superadd his personal liability for, or to, that of his principal” ’ ” (Crimmins v Handler & Co., 249 AD2d, at 91-92, quoting Savoy Record Co. v Cardinal Export Corp., 15 NY2d 1, 4 [1964], and Mencher v Weiss, 306 NY 1, 4 [1953]).
To the extent that plaintiff relies upon lower court cases in support of his request to hold the managing agent liable (see, Rogers v Rhodes Bldg. Mgt., NYLJ, Mar. 25, 1998, at 27, col 3 [Civ Ct, NY County]; Black v Davis, NYLJ, Apr. 26, 1995, at 32, col 2 [Sup Ct, Kings County]; Swett v State of N. Y. Div. of Hous. & Community Renewal, NYLJ, Apr. 29, 1987, at 12, col 1 [Sup Ct, NY County]), this court finds that-these lower court decisions have been superceded by Crimmins (supra). Accordingly, the court denies that part of plaintiffs motion which seeks to enter judgment against Clarke.
As to plaintiff’s claim for prejudgment interest, defendants claim that interest is not available in FMRA proceedings. Plaintiff, however, does not seek the award of interest under Rent Stabilization Code (9 NYCRR) § 2526.1, but rather under CPLR 5001. CPLR 5001 (a) provides, in part, that “[interest shall be recovered upon a sum awarded because of a breach of performance of a contract”.
*37 Here, plaintiffs FMRA award is based upon Primrose’s breach of an implied covenant of the lease contract not to charge in excess of the legal regulated rent. (See, 119 Fifth Ave. Corp. v Berkhout, 134 Misc 2d 963, 966, amended on reconsideration 135 Misc 2d 773 [Civ Ct, NY County 1987] [the rights and obligations created under the Rent Stabilization Law “have always been read into leases as implied covenants”].) As the Court of Appeals has held “where, as here, the action is based on a claim of default on the lease agreement * * * and involves counterclaims for * * * rent overcharges, the action sounds in contract and any party is thus entitled to prejudgment interest upon recovery of a money judgment” (Solow v Wellner, 86 NY2d 582, 589-590 [1995]). Accordingly, that part of plaintiffs motion for prejudgment interest is granted.
Finally, plaintiff seeks attorney’s fees pursuant to section 234 of the Real Property Law. As a general rule, a tenant may not be awarded attorney’s fees in successfully defending a FMRA award in an article 78 proceeding. (See, Matter of Ista Mgt. v State Div. of Hous. & Community Renewal, 161 AD2d 424 [1st Dept 1990].) However, this court may award attorney’s fees in connection with a plenary action brought to enter judgment on a FMRA award, so long as the requirements of Real Property Law § 234 are met. (See, Rogers v Rhodes Bldg. Mgt., NYLJ, Mar. 25, 1998, at 27, col 3 [Civ Ct, NY County], supra [court awarded tenant attorney’s fees in plenary action to enforce FMRA award]; Black v Davis, NYLJ, Apr. 26, 1995, at 32, col 2 [Sup Ct, Kings County], supra [same]; Msibi v JRD Mgt. Corp., 154 Misc 2d 293, 299-300 [Civ Ct, Kings County 1992] [same].)
Here, the court construes plaintiffs motion as seeking attorney’s fees solely in connection with this plenary proceeding. Accordingly, to be entitled to attorney’s fees, plaintiff must show that he meets the requirements of section 234 of the Real Property Law.
Real Property Law § 234 provides: “[w]henever a lease of residential property shall provide that in any action or summary proceeding the landlord may recover attorneys’ fees and/or expenses incurred as the result of the failure of the tenant to perform any covenant or agreement contained in such lease, or that amounts paid by the landlord therefor shall be paid by the tenant as additional rent, there shall be implied in such lease a covenant by the landlord to pay to the tenant the reasonable attorneys’ fees and/or expenses incurred by the tenant as the result of the failure of the landlord to perform any *38 covenant or agreement on its part to be performed under the lease * * * and an agreement that such fees and expenses may be recovered as provided by law in an action commenced against the landlord or by way of counterclaim in any action or summary proceeding commenced by the landlord against the tenant.”
It is undisputed that the lease at issue herein contains a provision permitting the landlord to recover attorney’s fees upon the tenant’s default of any covenant of the lease. As stated above, the plaintiffs right to be charged the legal, regulated rent under the Rent Stabilization Code must be construed as an implied covenant of the plaintiffs lease. Bécause the defendants have breached this covenant and charged rent in excess of the legal, regulated rent, pursuant to Real Property Law § 234, plaintiff is entitled to recover attorney’s fees for prosecuting this action to enter judgment on the FMRA award.
In accordance with the foregoing, it is ordered that plaintiffs motion for summary judgment on his claims for interest and attorney’s fees in prosecuting this action is granted as to defendant Primrose and denied as to defendant Clarke. Plaintiff shall settle a judgment, which judgment shall direct that the clerk of the court enter judgment in favor of plaintiff against defendant Primrose Management Company for interest on $19,792.04 at the rate of 9% per annum from September 5, 1989 to the date judgment is entered, together with plaintiffs attorney’s fees in prosecuting this action, and the costs and disbursements of this action, to be taxed by the clerk upon submission of an appropriate bill of costs. Plaintiffs attorneys are directed to submit, together with the proposed judgment, a detailed affidavit substantiating the amount of attorney’s fees claimed in the proposed judgment.