■ O. Stephen Paganuzzi, Jr., Respondent-Appellant, v Primrose Management Company, Appellant-Respondent, et al., Defendant. [701 NYS2d 350] —Order and judgment (one paper), Supreme Court, New York County (Eileen Bransten, J.), entered July 7, 1999, which, in an action by a tenant against his landlord and his building's managing agent to enforce a Division of Housing and Community Renewal (DHCR) fair market rent appeal order, insofar as appealed from, dismissed the action as against the managing agent, awarded the tenant prejudgment interest on the amount awarded by DHCR to be computed from the date of the District Rent Administrator's order, and awarded the tenant his reasonable attorneys' fees incurred in prosecuting this action, unanimously affirmed, without costs. Appeals from orders, same court and Justice, entered April 14 and May 6, 1999, unanimously dismissed, without costs, as subsumed within the appeal from the judgment.

Although a tenant is not entitled to attorneys' fees under Real Property Law § 234 incurred in a CPLR article 78 proceeding brought by a landlord to challenge a fair market rent appeal order (*see, Matter of Ista Mgt. v State Div. of Hous. & Community Renewal*, 161 AD2d 424, 426), such fees may be awarded where the tenant is compelled to bring a plenary action to enforce such an order (*see, Msibi v JRD Mgt. Corp.*, 154 Misc 2d 293, 299-300). The order established as a matter of law that the landlord violated the fair market rent provisions of the Rent Stabilization Law, and, because the rights and obligations created by the Rent Stabilization Law are read into leases as implied covenants, the violation constituted a breach of the lease triggering Real Property Law § 234. The same implied breach of lease entitles the tenant to prejudgment interest under CPLR 5001 (a) (*see, Solow v Wellner*, 86 NY2d 582, 589-590). The tenant's claim that interest should have been computed from the date the landlord first began charging excess rent, rather than from the date of the District Rent Administrator's order establishing the amount of overcharge, is improperly raised for the first time on appeal, and indeed it appears that the motion court used the date specifically urged by the tenant. The landlord's claim that attorneys' fees should not have been awarded without first conducting a hearing on reasonable value is unavailing, the tenant's attorney's detailed affidavit of services having provided an adequate basis for an assessment, at least where the landlord's papers in opposition did no more than demand a hearing and did not purport to raise any particular factual issues (*see, Bankers Fed. Sav. Bank v Off W. Broadway Developers*, 224 AD2d 376, 378). The action

was properly dismissed as against the managing agent, since it always acted as an agent for a disclosed principal (*see, Crimmins v Handler & Co.*, 249 AD2d 89, 91-92). Concur—Nardelli, J. P., Tom, Mazzarelli, Ellerin and Friedman, JJ. [*See,* 181 Misc 2d 34.]