In the Matter of LYNDONVILLE PROPERTIES MANAGEMENT, INC., Appellant, v DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and DAVID HARMAN et al., Intervenors-Respondents. [737 NYS2d 617] —Order and judgment (one paper), Supreme Court, New York County (Emily Goodman, J.), entered on or about January 23, 2001, which, insofar as appealed from as limited by the briefs, denied petitioner landlord's application to annul respondent Division of Housing and Community Renewal's (DHCR) determination of a rent overcharge upon a finding fixing the subject apartment's base rent, and dismissed the petition, unanimously affirmed, without costs.

Petitioner landlord seeks approval of its collection of an initial monthly rent of $2,410 notwithstanding that it filed registration statements stating the rent to be $1,488.95, failed to produce a rent history for the subject apartment, and for more than a decade did not offer the tenants a lease. Because the tenants took occupancy on August 1, 1984, and filed their overcharge proceeding on August 18, 1988, petitioner argues that there can be no consideration of rent history prior to August 18, 1984 (Administrative Code of City of NY § 26-516 [a] [2]), and that the base rent must therefore be the $2,410 that was undisputedly charged and paid on that date. DHCR determined that petitioner waived any right to the $2,410 actually paid by filing registrations statements in 1985 and 1986 falsely stating the rent as $1,488.95 and listing a lease that

commenced on August 1, 1984 using fictitious names for the tenants. Under the circumstances, it was not irrational for DHCR to fix the base rent in the amount stated in the first reviewable registration statements rather than the unexplained amount actually charged and collected (*see, Matter of Salvati v Eimicke*, 72 NY2d 784, 791). To do otherwise would be to render largely meaningless a registration system that requires landlords to substantiate the lawfulness of their rents. We would add that inasmuch as it appears that DHCR fixed a base rent date of August 18, 1984, and the registration statements on which it relied were filed in 1985 and 1986, we perceive no issue under Administrative Code § 26-516 (a) (2) (*see, Crimmins v Handler & Co.*, 249 AD2d 89, 91). Concur—Williams, J.P., Mazzarelli, Ellerin, Lerner and Rubin, JJ.