■ In the Matter of CONDO UNITS, LP, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [771 NYS2d 380]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal dated January 9, 2002, which confirmed an order of the District Rent Administrator dated November 16, 2000, awarding the tenant treble damages rent overcharges, the petitioner landlord appeals from a judgment of the Supreme Court, Queens County (Schmidt, J.), dated September 15, 2002, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Contrary to the landlord's contention, the determination of the New York State Division of Housing and Community Renewal (hereinafter the DHCR) to award the tenant treble damages for rent overcharges was not arbitrary and capricious, and had a rational basis (see Matter of Pell v Board of Educ., 34 NY2d 222 [1974]; Matter of 47-40 41st Realty Corp. v New York State Div. of Hous. & Community Renewal, 225 AD2d 547 [1996]; Matter of Ista Mgt. v State Div. of Hous. & Community Renewal, 161 AD2d 424, 426 [1990]; Matter of Drizin v Commissioner of Div. of Hous. & Community Renewal, 140 AD2d 605, 606 [1988]).

Further, while Administrative Code of the City of New York § 26-516 (a) (2) precludes examination of the rent history of an apartment prior to the four-year period preceding the filing of a rent overcharge complaint (see Matter of Silver v Lynch, 283 AD2d 213, 214 [2001]; Matter of Pechock v New York State Div. of Hous. & Community Renewal, 253 AD2d 655 [1998]; Zafra v Pilkes, 245 AD2d 218 [1997]), where a duty imposed prior to a limitations period is a continuing one, the statute of limitations is not a defense to actions based on breaches of that duty occurring within the limitations period (see Matter of Grossman v Rankin, 43 NY2d 493, 506 [1977]; Matter of Policemen's Benevolent Assn. of Vil. of Spring Val. v Goldin, 266 AD2d 294 [1999]; Ballin v Ballin, 204 AD2d 1078 [1994]). Thus, the DHCR properly considered the rent reduction order issued prior to the four-year limitations period, but still in effect at the time of the overcharge complaint, since it imposed a continuing obligation on the landlord to reduce rent (see Crimmins v Handler & Co., 249 AD2d 89 [1998]). Ritter, J.P., S. Miller, Adams and Cozier, JJ., concur.