■ In the Matter of Oscar Cintron, Appellant, v Judith A. Calogero, as Commissioner of the Division of Housing and Community Renewal of the State of New York, Respondent. [874 NYS2d 76]—

Order, Supreme Court, Bronx County (Sallie Manzanet, J.), entered January 5, 2006, which denied the petition and dismissed the proceeding brought pursuant to CPLR article 78 seeking, inter alia, to annul a final order of respondent Division of Housing and Community Renewal (DHCR), dated February 16, 2005, insofar as it limited the rent overcharges recoverable by petitioner to the four years prior to the filing of the overcharge complaint, and limited treble damages to the two years

prior to the filing of said complaint, unanimously affirmed, without costs.

The order, finding the base rent date to be December 11, 1999 (four years prior to the filing of the overcharge complaint), establishing the legal base rent as the amount paid on that date, freezing that rent until February 1, 2004, during which time rent reduction orders were extant, and directing the owner to refund overcharges collected from the base rent date inclusive of treble damages, was not arbitrary and capricious, and had a rational basis (see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). While properly taking notice of the rent reduction orders even though they were issued more than four years prior to the filing of the overcharge complaint (see Matter of Condo Units v New York State Div. of Hous. & Community Renewal, 4 AD3d 424, 425 [2004], lv denied 5 NY3d 705 [2005]), DHCR appropriately limited the amount of rent overcharges recoverable to the four years prior to the filing of the overcharge complaint, and the amount of treble damages to the two years prior to the filing of said complaint (Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-516 [a] [2]; see Crimmins v Handler & Co., 249 AD2d 89, 91 [1998]).

We have considered petitioner's remaining contentions, including his premature request for attorney's fees, and find them unavailing. Concur—Saxe, J.P., Catterson, McGuire, Moskowitz and Acosta, JJ.