■    KINGS LAFAYETTE BANK, Respondent, v HAMID MEAT, INC., Doing Business as KEY FOODS, Appellant.—In an action to recover damages resulting from the failure to honor an income execution, defendant appeals from an order of the Supreme Court, Nassau County, dated March 31, 1976, which denied its motion to: (1) vacate a default judgment entered in favor of plaintiff and against it on August 15, 1976; and (2) allow it to appear and answer. Order reversed, without costs or disbursements, and motion granted, on condition that defendant-appellant pay the sum of $500 to plaintiff-respondent within 30 days after entry of the order to be made hereon; in the event such condition is not complied with, order affirmed, with $50 costs and disbursements. The time within which defendant may serve its answer is extended until 10 days after compliance with the above-mentioned condition. On May 29, 1974 plaintiff commenced this action against defendant, asking damages of $3,404.44, for defendant's failure to honor an income execution served on it on January 22, 1973. A default judgment was obtained against defendant on August 15, 1974. Defendant moved to vacate the judgment against it. The affidavit of its president

asserts: (1) that his brother-in-law purchased a new car and later defaulted on the payments to plaintiff; (2) it appears that he told plaintiff he was employed by the defendant corporation, although in fact he never was so employed; and (3) that upon his brother-in-law's default on the loan, plaintiff served an income execution on defendant, at which time an attorney was contacted; the affiant believed that attorney when he said that he would handle the matter, and believed his own involvement was terminated. Considering the totality of the circumstances, and in the interest of justice, the judgment should be vacated and the default opened, so that there may be a trial on the merits (see *Schutzer v Suss-Kolyer,* 57 AD2d 613). The failure of defendant's former counsel, and the quality of representation afforded defendant, cannot, in fairness, be charged against it. We note that while the record shows that defendant's delays were perhaps not willful, its president's actions, nevertheless, displayed a degree of indifference as to what was transpiring, and hence he was not without personal responsibility in what occurred. Due to this indifference, the reversal of the order appealed from has been conditioned upon defendant's payment of $500 to the plaintiff. Cohalan, J. P., Damiani, Rabin and Titone, JJ., concur.