■ SPOOR-LASHER CO., INC., Respondent, v J.E.H. DEVELOPMENT COMPANY, INC. et al., Appellants.—In an action to recover the value of work, labor and materials furnished, defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County, dated September 13, 1976, as, upon reargument, adhered to a prior order which granted plaintiff's motion for the entry of a default judgment and denied the defendants' cross motion for an enlargement of time within which to interpose an answer. Order reversed insofar as appealed from, in the interest of justice, without costs or disbursements; plaintiff's motion for the entry of a default judgment denied and defendants' cross motion for an enlargement of time granted. The time within which defendants may serve an answer is enlarged until 20 days after service upon them of a copy of the order to be entered hereon, together with notice of entry thereof. On March 18, 1975 the plaintiff commenced this action by service of a summons with notice. The complaint was served on May 8, 1975. The matter was assigned to an associate in the law firm which represents the defendants. On May 29, 1975 the plaintiff's counsel extended the defendants' time to answer to June 20, 1975, because of the afore-mentioned associate's obligation to do reserve duty with the United States Army. The plaintiff then obtained a court order which directed that a deposition of the defendants be taken on October 3, 1975. That deposition was never taken; the plaintiff's attorney wrote to opposing counsel, unilaterally fixing January 14, 1976 as the date for the taking of such deposition. On January 7, 1976, it was agreed that the previously scheduled deposition would be adjourned "without date." This was due to the fact that defendants' counsel was assigning the case to a different associate since the one who had been handling it was leaving the

firm. On April 22, 1976 Special Term directed, upon plaintiff's application, that the deposition be held on May 27, 1976. The deposition was had on that day and the defendants produced Donald L. Hanson, the president of defendant J.E.H. Development Co., Inc. and vice-president of defendant Hanson Development Company. At the close of the deposition it was discovered that the defendants had never served an answer. An answer was prepared and served on the plaintiff on June 3, 1976. By an application dated May 28, 1976 the plaintiff moved for the entry of a default judgment against the defendants and for an inquest. The defendants cross-moved for an extension of time within which to serve their answer, and to compel the plaintiff to accept that answer, which it had rejected. Special Term granted the plaintiff's motion and denied the cross motion. The court gave as its reasons for this decision: (1) the failure of the defendants to support their cross motion with an affidavit of merits by a person having knowledge of the facts; and (2) "law office failure" was an insufficient ground for opening a default. On July 7, 1976 the defendants moved, by order to show cause, for reargument. This motion was supported by the affidavit of Donald L. Hanson. By the order under review the court, upon reargument, adhered to its original decision. While "law office failure" has often been characterized by this court as an insufficient reason for excusing a default, such failure "does not *ipso facto* prevent the court from exercising its broad discretionary power to relieve a party of a default if the interests of justice would be furthered by such action" *(Batista v St. Luke's Hosp.,* 46 AD2d 806). Here both parties proceeded as though the defendants had served an answer. Only after the deposition of a corporate officer of the defendants was it discovered that no answer had ever been served. The plaintiff will not be prejudiced by allowing the defendants to now interpose an answer. The affidavit submitted by the defendants in support of their cross motion outlines a meritorious defense and their default was not willful. In the light of the "totality of the circumstances" of this case, the defendants should be permitted to defend this action on its merits (see *Kings Lafayette Bank v Hamid Meat,* 57 AD2d 943). Latham, J. P., Shapiro, Hawkins and Suozzi, JJ., concur.