■ MANUFACTURERS AND TRADERS TRUST COMPANY, Respondent, v PRO-MATION, INC., et al., Defendants, and JOHN B. BUELL et al., Appellants.—Judgment unanimously modified, on the law, and, as modified, affirmed, without costs, and matter remitted to Supreme Court, Erie County, for further proceedings, in accordance with the following memorandum: Special Term properly granted summary judgment to plaintiff Manufacturers and Traders Trust Company in its action against defendants John Buell and Edward Buell, Jr. Defendants had signed personal, unconditional guarantees for payment of all debts of Pro-Mation, Inc., up to a principal amount of $175,000. Upon default by Pro-Mation, Inc., on a loan made to it by Manufacturers and Traders Trust Company, plaintiff called the loan and, pursuant to the security agreement between the bank and Pro-Mation, Inc., notified all accounts receivable debtors to remit their payments directly to the bank. Upon receipt of the bank's notices, many of Pro-Mation's customers canceled their contracts. Pro-Mation, Inc., subsequently filed for chapter 11 bankruptcy. Defendants' contention that plaintiff did not act in a commercially reasonable manner when it notified Pro-Mation's accounts receivable debtors and instructed them to remit their payments to the bank is without merit. Such action is authorized by UCC 9-502 (1) and by the terms of the security agreement.

However, the court erred when it granted summary judgment to plaintiff awarding $17,500 counsel fees. Although this amount may not be unreasonable, the record is devoid of proof of the value of the services performed by plaintiff's attorneys in the collection of this debt. Therefore, the matter is remitted to Special Term for an appropriate demonstration that the quantity and quality of legal services actually rendered are such as to warrant, on a quantum meruit basis, a payment of this amount (Matter of First Natl. Bank v Brower, 42 NY2d

471, 474; *Matter of Mead v First Trust & Deposit Co.,* 60 AD2d 71, 77). (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—summary judgment.) Present—Dillon, P. J., Doerr, Green, O'Donnell and Pine, JJ.