■ PANSY JOHNSON, Respondent, v HEAVY REALTY CORP., Appellant. [595 NYS2d 104] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Ramirez, J.), dated February 28, 1991, which granted the defendant's motion for summary judgment based on the plaintiff's failure to comply with a conditional order of preclusion of the same court, dated December 14, 1989, on condition that the plaintiff provide a responsive bill of particulars within 30 days of the date of the order.

Ordered that the order is reversed, as a matter of discretion, without costs or disbursements, and the defendant's motion for summary judgment dismissing the complaint is granted, unconditionally.

The defendant served a demand for a bill of particulars on March 1, 1989. The plaintiff failed to provide a bill of particulars and the defendant, "on consent" obtained an order dated December 14, 1989, granting preclusion unless the bill of particulars was served in 45 days. After over 10 months passed without a response from the plaintiff, the defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff was precluded from proving her allegations of negligence and damages. The Supreme Court granted the defendant's motion for summary judgment "unless plaintiff provides a responsive Bill of Particulars * * * within thirty (30) days".

The Supreme Court improvidently exercised its discretion in failing to grant the defendant's motion unconditionally. It is well settled that in order to excuse the failure to timely comply with a conditional order of preclusion, the plaintiff must, *inter alia,* demonstrate a reasonable excuse for the delay *(see, Brusco v St. Clare's Hosp. & Health Ctr.,* 128 AD2d 390; *Trinchera v Yonkers Gen. Hosp.,* 131 AD2d 841; *Bock v Schiowitz,* 168 AD2d 593). The plaintiff's law firm sent the

plaintiff numerous correspondence throughout this entire period requesting her cooperation in preparing a bill of particulars, all to no avail. This evidence clearly belied the plaintiff's assertion that she thought the firm no longer represented her after she was allegedly told in the "beginning of 1989" that one of its partners had died. Nor is the plaintiff's unsupported and conclusory allegation that her mail is "at times intercepted" a sufficient excuse. As the Court stated in *Jones v Bryce* (76 AD2d 966, 967): "[o]rders of preclusion may not be ignored with impunity and they may be vacated only upon the showing of ' "extraordinary and exceptional circumstances" ' * * * The plaintiff's cavalier treatment of her attorney and her lawsuit, the sole cause of delay, can hardly be considered as such".

Accordingly, the defendant's motion for summary judgment is granted unconditionally. Mangano, P. J., Sullivan, Balletta and O'Brien, JJ., concur.