■ SHERRIL SPATZ, Respondent, v MIZZEN BAJRAMOSKI, Appellant, et al., Defendant. [624 NYS2d 606] —Order, Supreme Court, New York County (Edward Greenfield, J.), entered May 9, 1994, which denied the motion by the individual defendant pursuant to CPLR 5015 (a) seeking to vacate a judgment, dated May 19, 1993 and to dismiss the complaint for lack of capacity to sue, and order of the same court (Ira Gammerman, J.), entered October 5, 1994, which denied the individual defendant's motion pursuant to CPLR 5015 (a) seeking to vacate an order dated February 3, 1993, unanimously affirmed, with costs.

The IAS Court, in denying the vacatur motions, properly determined that the application seeking to vacate the May 19, 1993 order and judgment on the grounds of excusable default was procedurally defective. Where, as here, a party appears and contests an application for entry of a default judgment, CPLR 5511, prohibiting an appeal from an order or judgment entered upon default, is inapplicable, and the judgment predicated upon the party's default is therefore appealable *(Marrocco v Marrocco,* 90 AD2d 989). The IAS Court therefore properly determined that the appellant's prior failure to take a timely appeal from entry of the contested judgment was fatal to the subsequent vacatur motion *(Pergamon Press v Tietze,* 81 AD2d 831).

Nor did the IAS Court improvidently exercise discretion in determining that the individual defendant had failed to establish both an excusable default and a meritorious defense to the action warranting vacatur of the defaults since, in civil actions, bare allegations of incompetence on the part of prior counsel cannot serve as the basis to set aside a judgment pursuant to CPLR 5015 *(Blackman v Blackman,* 131 AD2d 801, 805). In addition, the individual defendant's conclusory denial of wrongdoing was insufficient to rebut the presumption of fraud or undue influence that arises where, as here, a fiduciary receives as a gift the vast bulk of the estate of the

aged or infirm person under their care *(Matter of Gordon v Bialystoker Ctr. & Bikur Cholim,* 45 NY2d 692, 698; *Matter of Collins,* 124 AD2d 48, 54).

The individual defendant has also waived, as a matter of law, any objection to the plaintiff's alleged lack of capacity to sue prior to the issuance of temporary letters of administration by failing to raise any objection to plaintiff's capacity prior to entry of judgment in either a pre-answer motion, the answer itself, or the proposed answer submitted in response to the plaintiff's initial application for a default judgment *(Muchnick v Alcamo Supply & Contr. Corp.,* 169 AD2d 711). In addition, an objection to a party's standing to seek relief does not constitute grounds for vacatur of a judgment on jurisdictional grounds under CPLR 5015 (a) (4) *(see, Lacks v Lacks,* 41 NY2d 71).

In any event, plaintiff, as temporary administrator of the estate, had full authority pursuant to EPTL 11-1.3, as executrix under the decedent's 1986 will *(Matter of Yarm,* 119 AD2d 754), as well as pursuant to SCPA 905 (1) and 903 (1), to maintain the underlying action seeking to recover and preserve those assets wrongfully diverted from the decedent's estate *(Matter of Camarda,* 103 Misc 2d 362, 366). Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Nardelli, JJ.