■ MARY REILLY, Respondent, v SYOSSET HOSPITAL, Defendant, and LONG ISLAND PLASTIC SURGICAL GROUP, P. C., et al., Appellants. [639 NYS2d 126]

The Supreme Court entered a judgment dismissing the complaint after the plaintiff had failed to comply with a prior conditional order of preclusion and/or dismissal for failure to disclose. Since the order and subsequent judgment arose from a motion made on notice by the defendants and opposed by the plaintiff's attorneys of record, the plaintiff's proper remedy was by way of appeal rather than a motion to vacate *(see, Pergamon Press v Tietze,* 81 AD2d 831; *see also, Schwenk v St. Peter's Hosp.,* 215 AD2d 906; *Banner Serv. Corp. v Hall,* 185 AD2d 613). Thus, the court erred in entertaining the plaintiff's application to vacate the judgment.

However, even if the conditional order of preclusion and subsequent judgment are deemed to have been entered by default, given the peculiar circumstances of this case and taking into consideration the nature of the papers submitted by the plaintiff's attorneys, it is clear that the plaintiff was not entitled to vacatur of the judgment. In order to obtain the relief that she requested, the plaintiff was required to establish both a reasonable excuse for her default and a meritorious claim *(see, Montauk Automatic v Munhall,* 201 AD2d 710;

*Johnson v Heavy Realty Corp.,* 191 AD2d 538; *Bender & Bodnar v Nankin,* 186 AD2d 524). The plaintiff's failure to submit an affidavit from a medical expert attesting to the merit of her malpractice claim was fatal to her application *(see, Murdock v Center for Special Surgery,* 199 AD2d 482; *White v Leonard,* 140 AD2d 518). Accordingly, her application should have been denied. Bracken, J. P., Balletta, Thompson and Hart, JJ., concur.