■ IMPERIO ARIAS, Respondent, v JESUS SANCHEZ et al., Appellants, and MOISES R. BRAVO et al., Respondents. [642 NYS2d 669] —Order, Supreme Court, Bronx County (Jerry L. Crispino, J.), entered on or about March 28, 1995, which denied defendant Jesus Sanchez' motion to vacate a default judgment entered against him, is unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the default is vacated on the condition that defendant New York City Health and Hospitals Corporation ("HHC") pay $3,000 to plaintiff.

In order to vacate a default judgment, the moving party must demonstrate a meritorious defense to the underlying action and a reasonable excuse for the delay (see, Smith v Daca Taxi, 222 AD2d 209; Spatz v Bajramoski, 214 AD2d 436). In the matter at bar, there is, in our view, no question that defendant possesses a meritorious defense to the underlying action. Further, courts have the discretion to consider law office failure as an excuse for the purposes of vacating a default (CPLR 2005; Lopez v City of New York, 179 AD2d 388; MacFarland

*Bldrs. v Raymond E. Kelly, Inc.,* 107 AD2d 972). The Corporation Counsel's failure to answer on behalf of Sanchez appears to be the result of a breakdown in communication between the counsel's office and HHC, as there is no discernible intent to abandon the action (*see, Gulledge v Adams,* 108 AD2d 950, 951). Since disposition on the merits is favored (*see, Dimitratos v City of New York,* 180 AD2d 414; *Cappel v RKO Stanley Warner Theaters,* 61 AD2d 936), we conclude that the IAS Court should have granted defendant's motion to open the default. However, due to the circumstances presented, we impose the aforestated conditions. Concur—Rosenberger, J. P., Rubin, Kupferman, Nardelli and Tom, JJ.