■ EMMANUEL ACHAMPONG, Appellant, v RICHARD WEIGELT et al., Respondents. [658 NYS2d 606] —Order of the Supreme Court, Bronx County (Jerry Crispino, J.), entered September 18, 1995, which, *inter alia,* granted defendants' cross-motion for renewal of a prior motion to vacate a default, is unanimously reversed, on the law and facts, with costs and disbursements payable to plaintiff, and defendants' cross-motion is denied.

In this case, the prior default motion was contested by defendants, who, thereafter, neither appealed nor moved for reargument/renewal within the statutory 30 day period pursuant to CPLR 5513. We have previously noted: "Where, as here, a party appears and contests an application for entry of a default judgment, CPLR 5511, prohibiting an appeal from an order or judgment entered upon default, is inapplicable, and the judgment predicated upon the party's default is therefore

appealable (*Marrocco v Marrocco*, 90 AD2d 989). The IAS Court therefore properly determined that the appellant's prior failure to take a timely appeal from entry of the contested judgment was fatal to the subsequent vacatur motion (*Pergamon Press v Tietze*, 81 AD2d 831)." (*Spatz v Bajramoski*, 214 AD2d 436.)

Motions for reargument/renewal of a contested motion also are required to be made within the same statutory period in which an appeal may be taken (*Henegar v Freudenheim*, 40 AD2d 825). Since the defendants herein failed to either appeal or move to renew/reargue the order entered June 29, 1994 within the statutory period, the IAS Court erred in failing to deny the cross-motion to renew and in vacating the default.

Moreover, to vacate a default judgment, a party must demonstrate both a meritorious defense and a reasonable excuse for the default (*Arias v Sanchez*, 227 AD2d 284). While law office failure is an acceptable excuse for vacating a default (CPLR 2005), the conclusory assertion of misplacement of a file, the excuse offered herein by defendants for the delay in bringing the renewal motion, "is rarely an acceptable excuse" (*Robinson v New York City Tr. Auth.*, 203 AD2d 351). Nor are "bare allegations of incompetence on the part of prior counsel" a basis to vacate a default (*Spatz v Bajramoski, supra*, at 436). Accordingly, even if the motion were not untimely, the IAS Court improvidently exercised its discretion in vacating the default. Concur—Milonas, J. P., Ellerin, Nardelli and Tom, JJ.