OPINION OF THE COURT
Per Curiam.
Order entered October 6, 1998 modified by denying plaintiffs motion for summary judgment and granting defendant’s cross motion to dismiss the complaint; as modified, order affirmed, without costs.
Plaintiffs plenary action for rent overcharges should have been dismissed as time barred under the applicable fourr year Statute of Limitations (CPLR 213-a). Plaintiff incorrectly characterizes this action as one to recover upon a penalty pursuant to the Division of Housing and Community Renewal (DHCR) order entered only against the building’s managing agent in January 1997 (cf., CPLR 214 [2]). A tenant who elects to proceed on an overcharge complaint before the administrative agency and who receives a favorable determination has the option of either taking an offset against the monthly rent or filing the order in the same manner as a judgment (Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-516 [a] [5]). There is no other basis for judicial enforcement of DHCR’s order (Crimmins v Handler & Co., 249 AD2d 89).
While defendant, as a current owner, may be held responsible for all overcharges collected by it or any prior owner after April 1, 1984 (Rent Stabilization Code [9 NYCRR] § 2526.1 [¶] [2]), it is undisputed that the last alleged overcharge occurred no later than August 1987. Since this action was not commenced until February 1998, it is untimely. We additionally note that DHCR has denied plaintiffs request to add defendant as a named party in the administrative proceeding.
The counterclaim for rent allegedly due under a lease which expired July 31, 1989 is also time barred (CPLR 213 [2]). The doctrine of “equitable recoupment” is not implicated since it applies only “to the extent of the demand in the complaint” (CPLR 203 [d]). Here, the complaint has been dismissed.
Parness, P. J., McCooe and Freedman, JJ., concur.