■ CHARLES CLARKE et al., Respondents, v UNITED PARCEL SERVICE, INC., et al., Appellants, et al., Defendant. [752 NYS2d 395] —In an action to recover damages for personal injuries, etc., the defendants United Parcel Service, Inc., and Victor L. Batista appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated February 19, 2002, which granted the plaintiffs' motion to vacate a judgment of the same court, entered October 26, 2001, dismissing their complaint, except as to the plaintiffs Charles Clarke and Latisha Clarke, who were directed to appear for a physical examination within 30 days as a condition to the granting of the motion as to them.

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion is denied, and the judgment is reinstated.

The Supreme Court entered a judgment dismissing the action after the plaintiffs failed to comply with a prior conditional

order of dismissal for failure to disclose. Since the order and subsequent judgment arose from a motion made on notice by the defendants United Parcel Service, Inc., and Victor L. Batista, the plaintiffs' proper remedy was by way of appeal rather than a motion to vacate the judgment (*see Pinapati v Pagadala,* 244 AD2d 676; *Reilly v Syosset Hosp.,* 225 AD2d 602; *Schwenk v St. Peter's Hosp. of City of Albany,* 215 AD2d 906; *Herman v Herman,* 191 AD2d 535; *Banner Serv. Corp. v Hall,* 185 AD2d 613; *Pergamon Press v Tietze,* 81 AD2d 831). Thus, the Supreme Court erred in entertaining the plaintiff's application to vacate the judgment.

However, even if the conditional order of preclusion and subsequent judgment are deemed to have been entered on default, it is clear that the plaintiffs are not entitled to vacatur of the judgment. The plaintiffs were required to establish both a reasonable excuse for their default and a meritorious cause of action (*see* CPLR 5015 [a]; *Desena v 486 Henry Supermarket,* 269 AD2d 557; *Reilly v Syosset Hosp., supra*). They failed to establish reasonable excuses for their respective failures to appear for independent medical examinations and to produce other specified discovery within the time period set forth in the conditional order of dismissal, and failed to offer any excuse for their repeated failure to comply with the court's discovery orders and the defendants' discovery demands. A "pattern of willful default and neglect" should not be excused (*Gannon v Johnson Scale Co.,* 189 AD2d 1052; *see Kolajo v City of New York,* 248 AD2d 512; *Wynne v Wagner,* 262 AD2d 556; *Roussodimou v Zafiriadis,* 238 AD2d 568, 569). Under these circumstances, the Supreme Court should have denied the plaintiffs' motion. Krausman, J.P., McGinity, Schmidt and Mastro, JJ., concur.