■ LAURENT MAZELIER, Respondent, v 634 WEST 135, LLC, Appellant. [802 NYS2d 645]—

Order, Supreme Court, New York County (Rosalyn Richter, J.), entered February 6, 2004, which, to the extent appealed from, denied defendant's motion to vacate a default judgment against it, reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

In 2001, plaintiff tenant filed a complaint with the New York State Division of Housing and Community Renewal (DHCR) for rent overcharges. The complaint properly named defendant, 634

West 135, LLC (634 West), and was sent to its listed address, 95 Delancey Street 2nd Floor, New York, NY 10002. There is no proof of record that the complaint was served on any party. On March 22, 2002, the DHCR granted the complaint on default; however the order is addressed to Equity Management, 95 Delancey Street 2nd Fl, New York, NY 10002, and Equity Management is denoted as the "Owner" on the DHCR order. At the bottom of the order it states "cc: 634 West 135, LLC" and "Riverside Management." There is no address listed for either entity. It is uncontested that Equity Management is not the owner. Nor is there any dispute over the fact that 634 West is the actual owner of the building and the proper defendant. Furthermore, there is no evidence in the record that the order was served on any party. Furthermore, it is uncontroverted that defendant 634 West was not a party to the DHCR proceeding overcharge order even though there was a notation on the order that it was copied to 634 West.

The overcharge order specified that an administrative appeal known as a petition for administrative review (PAR) could be made within 35 days of the order being issued.

In October of 2002, the DHCR issued a certification that no appeal had been taken from this order. In July of 2003, plaintiff signed and notarized the certification and presented it to the Supreme Court for filing and entry of judgment. The Clerk entered judgment against Equity Management, the sole named party on the DHCR order.

In August of 2003, Equity Management moved to vacate the judgment entered against it and plaintiff intentionally did not submit opposition. On October 1, 2003, the judgment was vacated. At this juncture there was no controversy pending in Supreme Court and no outstanding judgment relating to the underlying DHCR order. Undaunted by these prerequisites, on November 6, 2003 plaintiff moved by order to show cause under the same index number "to correct a ministerial error by the [DHCR]," to enter judgment against 634 West and to amend the "caption" of this action to name 634 West as defendant in place of Equity Management.[1] The motion was served on both Equity Management and 634 West. Inexplicably, plaintiff's order to show cause was granted on default by both entities. The "caption" was amended to substitute appellant, 634 West, for Equity Management, and on December 3, 2003, a money judgment was entered against 634 West. 634 West then moved by order to show cause to vacate the default and the supposed

---

1. Notably, no proposed amended pleading amending the caption was included in plaintiff's motion.

judgment entered against it, and plaintiff cross-moved for relief.[2] On February 3, 2004, the court denied both motions.

Upon receiving a favorable, albeit defective, order from DHCR, plaintiff had the option of taking an offset against the rent or filing the order as a judgment (*Crimmins v Handler & Co.*, 249 AD2d 89, 91 [1998]; Administrative Code of City of NY § 26-516 [a] [5]).[3] Plaintiff chose to file and enter the order as a judgment. However, because the wrong party (Equity Management) was named in the administrative order and, therefore, in the judgment, the enforcement provisions of CPLR article 52 to collect the amount due were not available to plaintiff. While the court's subsequent vacatur of the judgment against Equity Management was both proper and necessary (since it had no interest in the premises), the court had no authority to simply substitute 634 West as the defendant. The court does not have the power to amend a DHCR order and then order a judgment based on an improper amendment. In doing so, the court deprived defendant of its right to file a PAR and have "its day in court."

As a threshold matter, once the original judgment was vacated against Equity Management, there was no longer a matter or judgment before the court to amend as plaintiff's index number was purchased for the sole purpose of filing and entering the original, albeit erroneous, judgment based upon the DHCR's order. Indeed, plaintiff could not have maintained a plenary action to recover the rent overcharges pursuant to the DHCR order (*see Bowen v East 13th St. Realty Co.*, 182 Misc 2d 99 [App Term 1999]; Administrative Code of City of NY § 26-516 [a] [5]). As this was not a CPLR article 78 proceeding, there simply was no basis contemplated by the CPLR or statute for judicial intervention to enforce the invalid DHCR order (*Crimmins v Handler & Co.*, 249 AD2d at 91).

Moreover, the court incorrectly concluded that DHCR's order was really rendered against 634 West. Indeed, 634 West was not denoted as the "owner" and was undisputably an entity separate and distinct from Equity Management, which was so listed. It is uncontested that the DHCR order was issued against Equity Management only and that 634 West was not given proper notice of the order against it. Without proper notice of a

---

2. Plaintiff cross-moved for a declaration that 634 West's building was subject to a judgment lien, that 634 West's interest in the building was subordinate to plaintiff's lien and for an order directing the sheriff to sell the building.

3. Given the disposition here, we do not reach 634 West's argument that plaintiff has in fact received a 12-month rent offset.

DHCR order against 634 West, any order is not enforceable against it by way of entry and filing (*see Sanford Ave. Realty Co., LLC v Reynoso*, 19 AD3d 401 [2005]). There was no legal or equitable basis to enter judgment against 634 West. Accordingly, the judgment against appellant 634 West must be vacated pursuant to CPLR 5015 (a) (4), and the complaint dismissed. Concur—Friedman, J.P., Gonzalez and Catterson, JJ.

Sullivan and Sweeny, JJ., dissent in a memorandum by Sullivan, J., as follows: In my view, there is no basis for granting defendant's motion to vacate the judgment. Accordingly, I dissent. In June 2001, plaintiff, the tenant of a rent-stabilized apartment, filed a rent overcharge complaint with the Division of Housing and Community Renewal (DHCR). In the space for "[o]wner/[a]gent" plaintiff named defendant 634 West 135, LLC (634), with an address as 95 Delancey Street, 2nd Floor, New York, NY 10002. 634, which does not deny that it was served with the DHCR complaint, failed to respond. On March 22, 2002, the DHCR issued an order finding rent overcharge and directed the owner to roll back the rent to the legal regulated rent and refund the tenant the sum of $46,036.40, which included treble damages and interest. Equity Management and its address—also at 95 Delancey Street—were written in the space provided for "Mailing Address of Owner." The order also included a notation that it was "cc'd" to 634, which does not deny receipt. The order contained a statement advising the owner of its right to file a petition for administrative review (PAR) and of the tenant's right to file and enforce the order as a judgment in the event that such a petition was not filed.

On October 18, 2002, DHCR certified that more than 35 days had expired from the issuance of the overcharge order and that DHCR had not been served with a PAR. On July 3, 2003, plaintiff sought to enter judgment against the "owner(s) landlord," which he identified as Equity Management, for the amount directed to be paid, and judgment was so entered on that date.*

Equity Management moved to vacate the judgment, asserting, in the affidavit of Baruch Singer, a principal of Equity, that "no notice of this proceeding or of the DHCR action which underlies it has been given" and that Equity Management has no interest in the premises. The motion was granted without opposition. Thereafter, plaintiff moved for an order directing the entry of

---

* New York City Administrative Code § 26-516 (a) (5) provides that a rent overcharge order may, upon the expiration of the period in which the owner may institute a CPLR article 78 proceeding, "be filed and enforced by a tenant in the same manner as a judgment."

judgment against 634 and to amend the caption to name 634 as defendant in place of Equity Management. The motion was served on both Equity Management and 634. Both Equity Management and 634 defaulted and in November 2003 the motion was granted. Judgment against 634 in the amount of $53,085.64 was entered on December 3, 2003.

In January 2004, 634 moved pursuant to CPLR 5015 to vacate the judgment. The supporting affidavit of Baruch Singer, a managing member of 634 who, as noted, was also a principal of Equity, stated, as an excuse for the default, that he "was under the mistaken impression that this motion would result in a complaint being served, an answer being served, discovery being conducted, and then possibly a trial . . . [and he therefore] had no opposition to this motion." In addition, he stated that the DHCR decision was not against 634, noting that the "order does not speak a single word of this alleged owner," and that "the decision and order which resulted in this [j]udgment was not served upon me or my counsel." Finding that 634 had failed to set forth either a reasonable excuse for its default or a meritorious defense, Supreme Court denied the motion. The order should be affirmed.

At the outset, it is clear that 634 was a party to the DHCR proceeding, indeed it was the only party named in the complaint. The record absence of proof of service of the DHCR complaint on 634 is of no significance since 634 has never denied that it was served with the complaint. The statement by Baruch Singer, a principal of both Equity Management and 634, in support of 634's motion to vacate its default, that "the decision and order which resulted in this [j]udgment was not served upon me or my counsel" is, on its face, neither a denial that 634 was served with the DHCR complaint nor a denial of service of the DHCR order on 634.

To prevail on a motion to vacate a default, as numerous cases have held, a party must show a reasonable excuse for the default and a meritorious defense (see e.g. *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Achampong v Weigelt*, 240 AD2d 247, 248 [1997]; see also CPLR 5015 [a] [1]). 634 has failed to meet this burden. Singer's explanation that he thought there would be further proceedings, initiated by a complaint and ending with a trial, is patently unacceptable. Not only did plaintiff's motion seeking judgment against 634 plainly request the entry of judgment, the supporting affirmation explicitly noted that DHCR had issued a certification that authorized plaintiff to enter judgment against 634 "immediately and without further notice." Nor does 634 demonstrate a

meritorious defense. While 634 asserted that the judgment was in error since the "decision is not as against 634 . . . and [t]he order does not speak a single word of this alleged owner," the proceedings before DHCR leave no doubt as to the identity of the owner. Moreover, Baruch Singer's statement that "the decision and order which resulted in this [j]udgment was not served upon me or my counsel" is too vague, ambiguous and lacking in specificity to constitute a denial of service of the overcharge order on 634.

In concluding that judgment could not be entered against 634, the majority reasons that once the judgment against Equity Management was vacated "there was no longer a matter or judgment before the court to amend." This ignores CPLR 1003, which provides that "[p]arties may be added at any stage of [an] action by leave of court." In this regard, it is noted that 634 did not oppose plaintiff's motion to amend the caption to include 634 as a party. Indeed, as can be seen from Singer's statement in support of 634's motion to vacate the default, 634 conceded the court's power to proceed against it and consented to the motion to amend the caption: "I was under the mistaken impression that this motion would result in a complaint being served, an answer being served, discovery being conducted, and then possibly a trial . . . . Therefore, I had no opposition to this motion."

There is no merit to 634's argument that the court, in amending the caption to include 634 and entering judgment against it, was correcting a DHCR order. The error in the DHCR order naming Equity Management in the space provided for "Mailing Address of Owner" was a ministerial one; since the record leaves no doubt that 634 is the party against which the DHCR award was issued, the majority's conclusion that 634 "was not a party to the DHCR proceeding overcharge order" does not advance its position. Further, there is no merit to the majority's assertion that the court deprived 634 of its right to file a PAR. 634 can hardly claim that it was unaware that it could avail itself of this procedure since the notice of right to administrative review accompanying the order states that "[a]n owner, tenant, or other party affected by an order . . . may file a PAR."

Even if 634 were deemed to satisfy the requirement of showing a meritorious defense, I would still deny the motion to vacate the default since 634 has not offered a reasonable excuse. In this regard, it is noted that it does not deny that it was aware of the overcharge proceeding. Moreover, since Baruch Singer, a principal of Equity Management, named in the DHCR order instead of 634, is also a principal of 634, the latter can hardly

complain that it was unaware of the award, which, regardless of the entity named in the space designated "Mailing Address of Owner," directed the owner to make a full refund of any excess rent. Accordingly, 634 has failed to show prejudice. 634's other contentions are without merit.