■ Johnny Huggins, Appellant, v Parkset Supply, Ltd., et al., Defendants, and Atlas Plumbing and Heating Supply et al., Respondents. [807 NYS2d 112]—

In an action, inter alia, to recover damages for trespass, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated July 26, 2004, as granted that branch of the motion of the defendants Atlas Plumbing and Heating Supply, Nestor Saleta, and Carlos Stephensen which was to vacate so much of a judgment of the same court (Lodato, J.) dated February 17, 2004, as, upon their default in appearing for trial and after an inquest on the issue of damages, was in favor of the plaintiff and against them in the principal sum of $390,764, and (2) an order of the same court (Schack, J.) dated February 1, 2005, which granted the motion of the defendants Atlas Plumbing and Heating Supply, Nestor Saleta, and Carlos Stephensen for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the appeal from the order dated February 1, 2005, is dismissed as academic; and it is further,

Ordered that the order dated July 26, 2004, is reversed insofar as appealed from, on the law, that branch of the motion which was to vacate the judgment dated February 17, 2004, is denied, the portion of the judgment which was in favor of the plaintiff and against the defendants Atlas Plumbing and Heating Supply, Nestor Saleta, and Carlos Stephensen in the principal sum of $390,764 is reinstated, and the order dated February 1, 2005, is vacated; and it is further

Ordered that one bill of costs is awarded to the appellants.

The defendants Atlas Plumbing and Heating Supply, Nestor Saleta, and Carlos Stephensen (hereinafter collectively the Atlas defendants) concede that on May 20, 2003, they appeared in court and were advised that "the case was going to trial and that jury selection was going to commence the following week." Thereafter, they failed, repeatedly and without explanation, to

appear for scheduled court hearings until a default judgment was finally entered against them on February 17, 2004. Contrary to their contention, the Atlas defendants failed to establish that their default was excusable pursuant to CPLR 5015 (a) (1). "[B]are allegations of incompetence on the part of prior counsel" are insufficient to establish an excusable default under CPLR 5015 (a) (1) (*Spatz v Bajramoski,* 214 AD2d 436 [1995]; *accord Achampong v Weigelt,* 240 AD2d 247, 248 [1997]; *see also Beale v Yepes,* 309 AD2d 886, 887 [2003]). We note, in passing, that the Atlas defendants had previously been sanctioned for their repeated failure to comply with discovery orders (*see Huggins v Parkset Plumbing Supply, Inc.,* 7 AD3d 672 [2004]). Under the circumstances, that branch of their motion which was to vacate the default should have been denied.

Thus, the order dated February 1, 2005, which granted the Atlas defendants' motion for summary judgment dismissing the complaint insofar as asserted against them, must be vacated.

In any event, the Supreme Court erred in granting the Atlas defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. In support of their motion, these defendants failed to demonstrate a prima facie showing of entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]).

The Atlas defendants' remaining contention is without merit. Crane, J.P., Mastro, Rivera and Spolzino, JJ., concur.