■ 779 EAST NEW YORK AVENUE ASSOCIATES, LLC, et al., Respondents-Appellants, v MORDECHAI GURARY, Appellant-Respondent, et al., Defendants. (Action No. 1.) MORDECHAI GURARY, Appellant-Respondent, v 779 EAST NEW YORK AVENUE ASSOCIATES, LLC, et al., Respondents-Appellants, et al., Defendants. (Action No. 2.) [819 NYS2d 921]—In two related actions, inter alia, for a judgment declaring that Mordechai Gurary had a membership interest in 779 East New York Avenue Associates, LLC, Mordechai Gurary appeals from stated portions of a judgment of the Supreme Court, Kings County, dated March 14, 2005, which, upon a decision of the same court dated January 18, 2005, made after a nonjury trial, among other things, declared that he did not have a membership interest in 779 East New York Avenue Associates, LLC, and 779 East New York Avenue Associates, LLC, Crown 779, LLC, and Chaim Klein cross-appeal from so much of the same judgment as failed to award them punitive damages and an attorney's fee.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

"As this case was tried to the court, without a jury, this Court's power to review the evidence is as broad as that of the trial court, with appropriate regard given to the decision of the trial judge who was in a position to assess the credibility of the witness" (*Bubba's Bagels of Wesley Hills, Inc. v Bergstol,* 18 AD3d 411, 412 [2005]; *see Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983]). The evidence supports the trial court's finding that Mordechai Gurary lacked a membership interest in 779 East New York Avenue Associates, LLC.

The Supreme Court also properly declined to award punitive damages to the cross appellants because they failed to demonstrate that Gurary's conduct was so gross, wanton, or willful, or of such high moral culpability, as to justify an award of punitive damages (*see Borkowski v Borkowski,* 39 NY2d 982 [1976]; *Walker v Sheldon,* 10 NY2d 401, 404 [1961]).

The parties' remaining contentions either are without merit or have been rendered academic in light of our determination. Prudenti, P.J., Florio, Krausman and Mastro, JJ., concur.