■ BEST BUILDING & SUPPLY LUMBER CORP., Respondent-Appellant, and ACTIVE DOOR AND WINDOW CORPORATION, Respondent, v MASTERCRAFT HOMES AND RENOVATIONS, INC., et al., Defendants, and MICHAEL AMATO et al., Appellant-Respondent. [835 NYS2d 355]—

In an action, inter alia, to recover damages for breach of contract, the defendant Michael Armato, sued herein as Michael Amato, appeals from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), entered November 10, 2005, which granted his motion, inter alia, pursuant to CPLR 5015 (a) to vacate three judgments of the same court, each entered May 27, 2004, upon his default in answering or appearing, in the principal sums of $358,262.65, $51,501.92, and $12,966.53, respectively, only to the extent of deleting the $250,000 punitive damages award to the plaintiff Best Building & Supply Lumber Corp. from the $358,262 judgment, and the plaintiff Best Building & Supply Lumber Corp. cross-appeals from so much of the same order as granted that branch of the motion of the defendant Michael Armato, sued herein as Michael Amato, which was to delete the $250,000 punitive damages award against him and in its favor from the $358,262.65 judgment.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Michael Armato, sued herein as Michael Amato, which was, in effect, for determination of the reasonable value of the legal services rendered to the plaintiffs, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, the judgments in the principal sums of $51,501.92, and $12,966.53, respectively, are vacated, and the matter is remitted to the Supreme Court, Suffolk County, for new determinations of the reasonable value of the legal services rendered to the plaintiffs, in accordance herewith.

The Supreme Court properly denied that branch of the motion of the defendant Michael Armato, sued herein as Michael Amato (hereinafter Armato), which was to vacate the compensatory damages portion of the $358,262.65 judgment, which was entered against him following his default in answering the complaint and his failure to appear at an inquest to determine the plaintiffs' damages. Armato failed to establish a reasonable excuse for his default and a meritorious defense (see CPLR 5015 [a]; Halali v Vista Envts., Inc., 8 AD3d 435 [2004]; Eretz Funding v Shalosh Assoc., 266 AD2d 184 [1999]). Further, there is support in the record for the compensatory portion of the award.

The remaining two judgments, in the principal sums of $51,501.92, and $12,966.53, respectively, represent fees the

Supreme Court awarded to counsel for the plaintiffs. These awards were made based solely upon testimony at the inquest that, pursuant to a personal guarantee Armato gave, he agreed to pay the attorneys' fees of the plaintiff Best Building & Supply Lumber Corp. (hereinafter Best), incident to collection, at the rate of one-third of the amount due under the contract between his company and the plaintiffs for building materials and supplies. We agree with Armato that the Supreme Court should have required a showing that the fees were warranted on a quantum meruit basis (see *Matter of First Natl. Bank of E. Islip v Brower*, 42 NY2d 471, 474 [1977]; *Manufacturers & Traders Trust Co. v Pro-Mation, Inc.*, 115 AD2d 976 [1985]; see also *M. Sobol, Inc. v Wykagyl Pharm.*, 282 AD2d 438 [2001]; *Federal Deposit Ins. Corp. v Park Lane Realty Assoc.*, 72 AD2d 788 [1979]; *Federal Deposit Ins. Corp. v Kassel*, 72 AD2d 787 [1979]). As the Court of Appeals has observed, "the reasonable value of legal services rendered incident to the recovery of a default judgment will not automatically and always be equal to" a particular percentage of the indebtedness being collected (*Matter of First Natl. Bank of E. Islip v Brower, supra* at 474). Accordingly, we remit the matter to the Supreme Court, Suffolk County, for new determinations of the reasonable value of the legal services rendered to the plaintiffs.

The Supreme Court properly deleted the $250,000 punitive damages award to Best from the $358,262 judgment since the conduct alleged did not rise to the level warranting punitive damages (see *Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 613 [1994]; *Gordon v Nationwide Mut. Ins. Co.*, 30 NY2d 427, 437 [1972], *cert denied* 410 US 931 [1973]; *Walker v Sheldon*, 10 NY2d 401, 404 [1961]).

Armato's remaining contentions are without merit. Miller, J.P., Ritter, Covello and McCarthy, JJ., concur.