■ STEPHEN J. COLE-HATCHARD, Appellant, v DICK EGGERS, Respondent, et al., Defendants. (Action No. 1.) STEPHEN J. COLE-HATCHARD, Appellant, v WILLIAM SHERWOOD et al., Respondents. (Action No. 2.) [18 NYS3d 100]—

In two related actions to recover damages for defamation, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Loehr, J.), dated August 14, 2013, as granted those branches of the motion of William Sherwood, a defendant in action No. 2, which were to consolidate the actions, in effect, to vacate an order dated August 3, 2011, granting the plaintiff's motion for leave to enter a default judgment against the defendant Dick Eggers in action No. 1, and to dismiss the complaint in action No. 1, and denied his motion to reschedule, as soon as practicable, an inquest on damages in action No. 1, and for leave to proffer evidence of punitive damages at the inquest.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting those branches of the motion of William Sherwood which were, in effect, to vacate the order dated August 3, 2011, granting the plaintiff's motion for leave to enter a default judgment against the defendant Dick Eggers in action No. 1, and to dismiss the complaint in action No. 1, and substituting therefor a provision denying those branches of the motion, (2) by deleting the provision thereof granting that branch of the motion of William Sherwood which was to consolidate the actions, and substituting therefor a provision denying that branch of the motion as academic, and (3) by deleting the provision thereof denying that branch of the plaintiff's motion which was to reschedule the inquest on damages in action No. 1 as soon as practicable, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff, the order dated August 3, 2011, in action No. 1 is reinstated, and action No. 1 is remitted to the Supreme Court, Rockland County, for an inquest on the issue of damages.

During the plaintiff's campaign for election to a seat on the Stony Point Town Council, Dick Eggers wrote a letter to residents of the Town of Stony Point opposing the plaintiff's candidacy and making certain statements regarding the plaintiff. On or about May 20, 2011, the plaintiff commenced action No. 1 against Eggers and "John Does 1-5," alleging defamation. Eggers failed to answer the complaint or otherwise appear, and the plaintiff moved for leave to enter a default judgment. Eggers appeared and opposed the motion, and cross-moved for leave to serve a late answer. In an order dated August 3, 2011 (hereinafter the default order), the Supreme Court (Kelly, J.) granted the plaintiff's motion for leave to enter a default judgment, denied Eggers' cross motion, and scheduled an inquest on damages.

In May 2012, the plaintiff commenced action No. 2 against William Sherwood and others, alleging that the defendants acted in concert with Eggers in distributing the subject letter, and seeking to recover damages for defamation. After both cases were conferenced with a newly assigned justice, the plaintiff moved in action No. 1 to reschedule, as soon as practicable, the inquest on damages, at which he would be permitted to proffer evidence of punitive damages. Sherwood moved in action No. 2 to consolidate the actions, in effect, to vacate the default order entered against Dick Eggers in action No. 1, and to dismiss the complaints in both actions. In the order appealed from, the Supreme Court granted Sherwood's motion, consolidated the actions, vacated the default order, and directed the dismissal of both complaints. The court also denied the plaintiff's motion. The plaintiff appeals.

Although CPLR 5511 prohibits an appeal from an order entered upon default, that provision does not apply where, as here, a party appears and contests a motion for leave to enter a default judgment (*see Spano v Kline*, 50 AD3d 1499 [2008]; *Spatz v Bajramoski*, 214 AD2d 436 [1995]; *Spoor-Lasher Co. v J.E.H. Dev. Co.*, 58 AD2d 646 [1977]). Under the circumstances, the proper remedies were either an appeal from the default order, a timely motion for reargument or renewal, or an appeal from a judgment entered after the inquest on damages, which would bring up for review the default order (*see Clarke v United Parcel Serv.*, 300 AD2d 614, 615 [2002]; *see also* CPLR 5501 [a] [1]; *Alam v Alam*, 123 AD3d 1066, 1067 [2014]; *Youni Gems Corp. v Bassco Creations Inc.*, 70 AD3d 454 [2010]; *Spano v Kline*, 50 AD3d at 1499). Thus, a motion to vacate the default order was procedurally improper and should not have been entertained (*see Clarke v United Parcel Serv.*, 300 AD2d at 615;

*Robert Marini Bldr. v Rao*, 263 AD2d 846, 848 [1999]; *Pinapati v Pagadala*, 244 AD2d 676, 677-678 [1997]; *Achampong v Weigelt*, 240 AD2d 247, 247-248 [1997]). Accordingly, the Supreme Court erred in granting those branches of Sherwood's motion which were, in effect, to vacate the default order and to dismiss the complaint in action No. 1.

Moreover, the Supreme Court should have granted that branch of the plaintiff's motion which was to reschedule the inquest on damages in action No. 1. By defaulting in answering, Eggers admitted the factual allegations of the complaint, including the basic allegation of liability (*see Rokina Opt. Co. v Camera King*, 63 NY2d 728, 730 [1984]). Accordingly, action No. 1 should proceed to the inquest on damages, at which the Supreme Court should "focus[ ] on the evidence of damages, and award[ ] plaintiff nominal damages, at least" (*Taylor v Brooke Towers LLC*, 73 AD3d 535, 536 [2010]).

However, contrary to the plaintiff's contention, that branch of his motion which sought leave to proffer evidence of punitive damages at the inquest was properly denied. The complaint in action No. 1 did not seek punitive damages, and the conduct alleged in the complaint was not "so gross, wanton, or willful, or of such high moral culpability, as to justify an award of punitive damages" (*779 E. N.Y. Ave. Assoc., LLC v Gurary*, 31 AD3d 627, 628 [2006]; *see Prozeralik v Capital Cities Communications*, 82 NY2d 466, 479-480 [1993]; *Best Bldg. & Supply Lbr. Corp. v Mastercraft Homes & Renovations, Inc.*, 39 AD3d 788, 790 [2007]).

Since the plaintiff has limited his appeal by, inter alia, not raising any arguments regarding the dismissal of the complaint in action No. 2, the issue of whether the actions should have been consolidated has been rendered academic (*see Marcum, LLP v Silva*, 117 AD3d 917, 919 [2014]; *Nassau Point Prop. Owners Assn., Inc. v Tirado*, 29 AD3d 754, 757 [2006]). Chambers, J.P., Dickerson, Hall and Hinds-Radix, JJ., concur.