Matneja v Zito (2018 NY Slip Op 05299)





Matneja v Zito


2018 NY Slip Op 05299


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-08247
 (Index No. 11580/14)

[*1]Deepak Matneja, appellant, 
v
Rosa Zito, etc., respondent, Horing Welikson & Rosen, P.C., et al., defendants.


William D. Friedman, Hempstead, NY, for appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for rent overcharges, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered June 10, 2016. The order granted the motion of the defendant Rosa Zito for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order is affirmed, without costs or disbursements.
The underlying facts in this case are set forth in the companion appeal (see Matneja v Zito, _____ AD3d _____ [Appellate Division Docket No. 2015-09544; decided herewith]). As is relevant to this appeal, in 2009, the plaintiff, a former tenant of a rent-stabilized building owned by the defendant Rosa Zito and her now deceased husband, Mario Zito, obtained an order from the Division of Housing and Community Renewal (hereinafter DHCR) for rent overpayments. While the plaintiff had named Mario Zito as the owner of the building in the rent overcharge complaint, the DHCR identified the owner during the proceeding, and in the final order, as the defendant JPR Zito, based on an inaccurate annual registration summary for the building from 2008. The plaintiff commenced this action seeking a judgment that would allow him to enforce the DHCR order against Rosa. Following joinder of issue, Rosa moved for summary judgment dismissing the complaint insofar as asserted against her, arguing, inter alia, that the plaintiff failed to exhaust his administrative remedies. The Supreme Court granted the motion, and the plaintiff appeals.
Pursuant to the Emergency Tenant Protection Act of 1974 (hereinafter ETPA), the DHCR has the authority to resolve rent overcharge complaints by tenants of rent-stabilized housing units and to enforce its orders related to those complaints (see ETPA § 12 [McKinney's Uncons Laws of NY § 8632 L 1974, ch 576, § 7, as amended]; Crimmins v Handler & Co., 249 AD2d 89, [*2]90). While a tenant who has not filed an administrative complaint may raise a claim of rent overcharge in court, either as a primary claim (see Wolfisch v Mailman, 182 AD2d 533, 533) or as a counterclaim (see Matter of Rockaway One Co., LLC v Wiggins, 35 AD3d 36, 39), where a tenant elects to proceed before the agency, administrative remedies must first be exhausted before the claim may be subject to judicial review (see Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57; Crimmins v Handler & Co., 249 AD2d at 91; Matter of White v Incorporated Vil. of Plandome Manor, 190 AD2d 854, 855).
A tenant who receives a favorable administrative determination on a rent overcharge complaint has the option, upon the expiration of the period in which the owner may institute a proceeding pursuant to CPLR article 78, of filing and enforcing the DHCR order in the same manner as a judgment (see McKinney's Uncons Laws of NY § 8632[a][1][e]). This means that a tenant can obtain a money judgment based upon a DHCR order and enforce that judgment pursuant to the provisions of CPLR article 52 (see Crimmins v Handler & Co., 249 AD2d at 91). However, the enforcement provisions of CPLR article 52 are not available to a plaintiff where the DHCR order does not name the correct party against whom the money judgment is sought (see Mazelier v 634 W. 135, LLC, 22 AD3d 361, 363). Further, a court "does not have the power to amend a DHCR order and then order a judgment based on an improper amendment" (id. at 363).
Here, Rosa established her prima facie entitlement to judgment as a matter of law. A judgment cannot be issued against Rosa based on the DHCR order that was issued against JPR Zito (see id.). Additionally, since the plaintiff did not challenge the DHCR's order by filing a petition for administrative review and then initiating a CPLR article 78 proceeding, he did not exhaust his administrative remedies and, thus, there is no lawful basis for the Supreme Court to amend the order (see Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d at 57; Mazelier v 634 W. 135, LLC, 22 AD3d at 363; Crimmins v Handler & Co., 249 AD2d at 91). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, under the particular circumstances of this case, we agree with the court's determination to grant Rosa's motion for summary judgment dismissing the complaint insofar as asserted against her.
In light of this determination, the plaintiff's remaining contentions need not be reached.
RIVERA, J.P., AUSTIN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court