Levine v Singal (2019 NY Slip Op 03438)





Levine v Singal


2019 NY Slip Op 03438


Decided on May 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2019

Acosta, P.J., Friedman, Manzanet-Daniels, Gesmer, Singh, JJ.


9194 655889/17

[*1]Joseph Levine, et al., Plaintiffs-Respondents,
v
Sunseet Singal, et al., Defendants, First Capital Real Estate Advisors, LP, Defendant-Appellant.


Brinen & Associates, New York (Joshua D. Brinen of counsel), for appellant.
Wollmuth Maher & Deutsch LLP, New York (Nicole M. Clark of counsel), for respondents.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about April 20, 2018, to the extent it granted plaintiff's cross motion for entry of a default judgment against defendant First Capital Real Estate Advisors, LP (defendant) unanimously reversed, on the law, with costs, and the default vacated with leave for defendant to file an answer within 10 days of service of notice of entry of this order.
Defendant's time to answer the complaint was extended by virtue of its serving a notice of motion, together with its co-defendants, seeking dismissal of the causes of action asserted against the co-defendants, pursuant to CPLR 3211(f) (see also CPLR 320[a]; 3012[a], [c]). Generally, a CPLR 3211(a) motion to dismiss made against any part of a pleading extends the time to serve a responsive pleading to all of it (see Chagnon v Tyson, 11 AD3d 325 [1st Dept 2004]). Here, Advisors did not default, but appeared by joining in defendants' motion to dismiss the causes of action asserted against the individual named defendants, thereby extending its time to answer the complaint (see De Falco v JRS Confectionary, 118 AD2d 752 [2d Dept 1986]). Thus, Advisors had ten days from service upon it of notice of entry of the order deciding the partial motion to dismiss, to answer the causes of action against it, pursuant to CPLR 3211(f).
Defendant's appeal from the order granting the default motion was proper, as it appeared and contested the application for entry of a default order below (Cole-Hatchard v Eggers, 132 AD3d 718 [2d Dept 2015]; see also Spatz v Bajramoski, 214 AD2d 436 [1st Dept 1995]). Accordingly, CPLR 5511, which generally prohibits an appeal from an order or judgment entered upon default, is inapplicable (id.).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 2, 2019
CLERK