Art Capital Bermuda Ltd. v Bank of N.T. Butterfield & Sons Ltd. (2023 NY Slip Op 01044)

Art Capital Bermuda Ltd. v Bank of N.T. Butterfield & Sons Ltd.

2023 NY Slip Op 01044

Decided on February 23, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 23, 2023

Before: Renwick, J.P., González, Shulman, Rodriguez, Higgitt, JJ. 

Index No. 650082/17 Appeal No. 17397 Case No. 2022-03147 

[*1]Art Capital Bermuda Ltd., et al., Plaintiffs-Appellants,
v
The Bank of N.T. Butterfield & Sons Limited, Defendant-Respondent.

Press Koral LLP, New York (Matthew J. Press of counsel), for appellants.
Tarter Krinsky & Drogin LLP, New York (Joel H. Rosner of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert R. Reed, J.), entered December 23, 2021, in favor of defendant and against plaintiffs Art Capital Bermuda Ltd. (ACB) and Bluefin Servicing Ltd. in the total amount of $10,255,134.93, and bringing up for review an order, same court and Justice, entered November 10, 2021, insofar as it granted defendant's motion for a default judgment or, in the alternative, summary judgment, with respect to its second amended answer and counterclaims and denied ACB's cross motion for partial summary judgment, unanimously affirmed, without costs.
We reject plaintiffs' assertion that they did not default on the second amended counterclaims because they replied to the previous iterations of the counterclaims (see Hoppenfeld v Hoppenfeld, 220 AD2d 302, 303 [1st Dept 1995]). Nonetheless, because plaintiffs submitted written opposition to the proposed default judgment in their December 2021 letter to Supreme Court, we deem the default contested and we decide the appeal on the merits (see Levine v Singal, 172 AD3d 402, 402-403 [1st Dept 2019]; Spatz v Bajramoski, 214 AD2d 436, 436 [1st Dept 1995]).
We also reject plaintiff's argument that a default judgment was entered against it in violation of the automatic stay operation of CPLR 321(c). Plaintiffs failed to establish that CPLR 321(c) applies to stay the action. On the contrary, plaintiffs' former counsel withdrew because plaintiffs had become uncooperative with the representation and failed to pay attorneys' fees, not because counsel had "die[d], become[] physically or mentally incapacitated, or [been] removed, suspended or otherwise bec[ame] disabled" (id.).
Furthermore, under the circumstances, the default judgment on defendant's counterclaim was properly issued without an inquest. The award did not exceed the damages sought in the note of issue, which stated that that the damages were "at least $6,072,500," and was properly based on the substantiation of damages that defendant set forth in its motion for judgment on the counterclaims.
Finally, even taking into account all stays or tolling related to COVID-19 and plaintiffs' Chapter 11 filing, Supreme Court properly denied plaintiff ACB's cross motion for partial summary judgment, as it was untimely. Although the court's part rules state that all summary judgment motions are to be made within 60 days of filing of the note of issue, plaintiffs filed the cross motion 76 days after they had filed the note of issue. At any rate, even had plaintiffs complied with Supreme Court's part rules, the court properly denied the cross motion given the material disputed issues of fact surrounding the buyout.
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDEROF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 23, 2023